UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAMILLE CORCUCHIA,

    Plaintiff,

    v.

NATIONWIDE BOILER, INC.,

    Defendant.

Case No. 13-cv-05617-JST

**ORDER TO SHOW CAUSE**

Plaintiff in the above-entitled matter having failed to appear at the case management conference on July 2, 2014, and Defendant having filed a case management conference statement and having appeared at that proceeding in compliance with the Court's orders,

THE COURT hereby issues an ORDER TO SHOW CAUSE why Plaintiff's claims should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court is mindful that the proposed sanction is harsh, and so sets forth the relevant portions of the case's prior history.

The complaint in this case was filed on December 4, 2013. ECF No. 1. The next day, the court set an Initial Case Management Conference for March 5, 2014, and required the filing of a Joint Case Management Conference Statement by February 26, 2014. ECF No. 3.

Plaintiff did not file a case management statement. Instead, on February 28, 2014, she filed a motion to enlarge time, requesting that the court move the ICMC to April 16, 2014. ECF No. 8. She based her request on the fact that Defendant had not yet been served, although she did not describe what efforts, if any, she had made to accomplish service. Id. The Court denied the request, noting:

> The Plaintiff's Ex Parte Application to Enlarge Deadlines and
> Continue Case Management Conference is denied. The application
> was filed two days after the deadline for the filing of a case
> management statement, and is not timely. The Court notes that the
> Defendant appears to be located near the offices of Plaintiff's
> counsel, but remains unserved, even though the case was filed in
> December 2013. At tomorrow's case management conference,
> Plaintiff's counsel will inform the Court by what date she anticipates
> serving the Defendant.

The Court conducted a case management conference as scheduled on March 5. Pamela Price, Plaintiff's counsel of record, did not appear. Instead, she sent attorney Howard Moore, who was not then and still is not counsel of record. The Court explained to Mr. Moore that there appeared to be no good reason why the Defendant had not been served, and that if service were not effected shortly, the complaint would be dismissed under Federal Rule of Civil Procedure 4(m).[1] The Court set a new case management conference on April 2, 2014, for the purpose of ensuring that service had been completed and the case could move forward.

A few days later, the complaint was served. ECF No. 12. The parties stipulated to continue the case management conference by approximately two months, to June 11, 2014, and the Court so ordered. ECF Nos. 13, 14. A Joint Case Management Statement was ordered to be filed by June 3, 2014.

Defendant filed a case management statement on June 3 as ordered. In it, Defendant stated that Plaintiff had declined to participate in drafting the statement. ECF No. 17 at 1. On June 6, 2014, both parties filed a stipulation, requesting that the Court continue the case management conference another two weeks, because they were close to settling the case. ECF No. 18. Neither party provided any explanation for Plaintiff's failure to file a case management statement. The same day, the Court denied the continuance request without prejudice, and ordered Plaintiff to submit a case management statement within five court days and explain her failure to comply with the Court's April 1, 2014 order. ECF No. 19. The Court further stated that it would rule on the

---

[1] "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

continuance request once it had a case management statement in hand.

On June 10, 2014, one day before the scheduled case management conference, Plaintiff filed a case management statement. ECF No. 20. She stated that her reasons for her failure to comply with the Court's order that she file a case management statement were (1) she was running for elected office; (2) she was on an extended vacation; and (3) she wanted not to incur unnecessary attorneys' fees. Id. at 6-7. She did not explain how she had been unable to participate in the drafting of a case management statement on June 3, but available to help draft a stipulation three days later. Notwithstanding the insufficiency of these excuses, the Court continued the case management conference to July 2, 2014.

The Court conducted the scheduled conference today. Neither Ms. Price nor anyone else appeared on Plaintiff's behalf at today's case management conference. This was at least Ms. Price's third violation of the Court's orders.

The hearing on the order to show cause will be held on July 23, 2014 at 9:00 a.m. If Plaintiff fails to appear, the case will be dismissed for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 2, 2014

JON S. TIGAR
United States District Judge

3